**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 10-124 |
| | ) | |
| LISA GERIDEAU-WILLIAMS, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

**ORDER**

Consistent with the discussions at the Status Conference on May 23, 2013, Defendant and

her counsel are directed to consider filing an amended "Position With Respect to Sentencing

Factors" in response to the Presentence Investigation Report ("PSR").

As the Court referenced during the Status Conference, many of Defendant's current

objections appear irreconcilable with her guilty plea. *Compare, e.g.*, Def.'s current Position

Stmt. (Doc. 133) at ¶¶ 6-9 (denying that Defendant engaged in fraudulent "scheme" regarding

Ms. Hatter, as described in ¶¶ 12-19 of PSR, which resulted in wiring of $99,178.63 to

Defendant) *with* Doc. 1 (Indictment) & Doc. 118 (Defendant's Written Plea) (reflecting

Defendant's entry of guilty plea on Counts I through XIII of Indictment, including allegation

under Count II that Defendant "execut[ed a] scheme and artifice to defraud" in connection with

Ms. Hatter, resulting in $99,178.63 wire transfer) (emphasis added); *see also, e.g.*, Def.'s current

Position Stmt. at ¶¶ 1-4 (claiming that Defendant was guilty only of "mistakes," "poor

decision[s]," "mismanagement" and "negligence") *with, e.g.*, Indictment at ¶¶ 4, 11 & Counts I

through XIII (Defendant "intended to devise a scheme and artifice to defraud . . . by means of

materially false and fraudulent pretenses, representations and promises, well knowing at the time

that the pretenses, representations and promises were false and fraudulent when made")
(emphasis added).

Otherwise, Defendant has failed to explain how, if at all, her current "disputes" regarding the PSR's facts would impact the offense level computation under the Sentencing Guidelines. To the contrary, many of Defendant's characterizations of her conduct, and the circumstances surrounding it, would appear more appropriately considered under 18 U.S.C. § 3553. *Compare* Section 3553(a) (in determining sentence, court considers nature, circumstances and seriousness of defendant's conduct) *with, e.g.*, discussion *supra* (noting Defendant's assertion that she was guilty of "poor decisions," for which she "is ashamed," and describing her motivations as well-intentioned). Thus, to the extent that Defendant's current objections relate to *her interpretation* of the facts alleged in the Indictment or found in the PSR, those issues should be addressed in Defendant's sentencing memorandum, not as disputed facts in the PSR.

Somewhat relatedly, to the extent that Defendant is prepared to identify *genuine* disputes of fact regarding the PSR, her counsel must better explain the impact, if any, that the disputes may have on her offense level under the Sentencing Guidelines. In addition, Defense counsel is reminded of his obligation, under Local Criminal Rule 32.C.4, to submit a written statement certifying that he has "conferred with opposing counsel and with the USPO in a good faith effort to resolve any disputed matters." *See id.*

Furthermore, Defendant and her counsel must remain cognizant that the scope of permissible disagreement she may express regarding sentencing is not limitless. Defendant and her counsel owe duties of good faith, or at a minimum are prohibited from acting in bad faith, under the plea agreement and pursuant to the Court's inherent and Rule-based powers over litigants appearing before it. *See, e.g.*, U.S. v. Trant, 2010 WL 3069623, *4 (3d Cir. Aug. 6,

2010) (plea agreements are construed under established principles of contract law, and "each party to a contract has a duty of good faith performance, which emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party") (citation to quoted source omitted); U.S. v. Aleo, 681 F.3d 290, 305 & n.13 (6th Cir. 2012) (recognizing that bad-faith conduct in criminal proceedings may be punishable under court's inherent power to sanction and/or under Federal Criminal Rule 42, regarding criminal contempt). While the Court presently offers no opinion regarding Defendant's recent positions, she is cautioned that brushing against the above-referenced standards would be done at her own peril.

Finally, Defendant is urged to consider the consequences of arguing vociferously over every conceivable detail or issue that she may perceive in connection with sentencing. Both the Government and the Court enjoy wide discretion in determining how to handle this and other sentencings. Argumentation regarding conduct to which Defendant, by necessity, already has admitted seems not only destined to fail, but it also risks irreparably alienating the opposing party and the Court. Defendant's interests would not seem well served by inducing the Government to claim breaches of the plea agreement, and its attendant duties of good faith; by obligating the Court to parse *ad nauseam* denials of already-admitted-facts and requiring it to sort through highly-spun recitations of undisputed conduct in the guise of resolving "factual disputes"; nor by Defendant's stretching her legal arguments so far that they raise the spectre of bad faith findings or ethical violations.

In this case, the parties previously appeared close to agreement on a narrow set of discrete, genuinely disputed sentencing issues. Once the wheat is separated from the chaff, there appears little more to meaningfully consider. Defendant, her counsel and opposing counsel are urged to return their focus to matters of legitimate dispute.

Consistent with the foregoing, Defendant's deadline for refiling her Position With Respect to Sentencing Factors is **June 4, 2013**. If an amended position statement is not filed by then, the Court will assume that Defendant has decided to rest on her current filing. In the event that Defendant so rests, the Court may entertain arguments by the Government that she has acted in the absence of good faith, or in bad faith, and this Order has provided her notice of such a potential ruling and an opportunity to preemptively cure.

In addition, the deadline for the Probation Officer's filing and service of an addendum to the Presentence Report is extended until **June 20, 2013**. The Court also requests that, by the same date, the Probation Officer submit to the Court **only**[1] a revised sentencing recommendation, if applicable. Given the myriad of issues potentially facing the Probation Officer with respect to her PSR addendum and revised sentencing recommendation, the timeliness of Defendant's revised filing, if any, is critical.

Finally, the deadline for the parties' submission of sentencing memoranda and supplemental information is extended until **July 3, 2013**; the opposing parties shall file responses by **July 10, 2013**; and Sentencing, previously set for June 27, 2013 at 2:15 p.m. is RESCHEDULED for **July 16, 2013 at 11:30 a.m.**

IT IS SO ORDERED.

May 24, 2013

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] *See* Standing Order of this Court's Board of Judges, dated December 1, 1994.